# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **H.D.**

**No. 22-796** (Nicholas County CC-34-2021-JA-73)

# MEMORANDUM DECISION

Petitioner Father R.D.[1] appeals the Circuit Court of Nicholas County's September 21, 2022, order terminating his parental rights to the child, H.D.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July 2021, the DHHR filed a petition asserting allegations against the child's mother, A.T.[3] In March 2022, the DHHR filed an amended petition including allegations against petitioner, the child's father. The DHHR alleged that petitioner was addicted to drugs and was arrested after attempting to flee from police with H.D. and the child's mother in the vehicle at a time when the child's mother was not permitted contact. Petitioner was also arrested on charges of sexual conduct with a different minor in South Carolina and tested positive for methamphetamines on the day of the arrest. Petitioner initially stipulated to the allegations in the petition at an adjudicatory hearing held in April 2022; however, at a dispositional hearing held in June 2022, petitioner denied the admissions previously made. The court, therefore, revoked the admissions made at the adjudicatory hearing and scheduled further proceedings.

---

[1]Petitioner appears by counsel Brandy L. Hughart. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General James "Jake" Wegman. Counsel Carin Kramer appears as the child's guardian ad litem. Counsel Robert B. Kuenzel appears for the intervenors, J.T.-1 and J.T.-2, the child's maternal aunt and uncle serving as relative placement.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The child's mother's parental rights were terminated by the circuit court and an appeal followed. On appeal, this Court affirmed the decision of the circuit court. *See In re H.D.*, 248 W. Va. 239, 888 S.E.2d 419 (2023). As the parental rights of both of the child's parents were terminated below, the permanency plan is adoption by relative placement.

The court held an adjudicatory hearing in August 2022, at which time the court was advised that petitioner was extradited to South Carolina and held without bail on the charge of first-degree sexual conduct with a minor and was facing a potential sentence of twenty-five years to life. The court heard testimony from petitioner, the investigator in the South Carolina criminal matter, the mother of the child victim in the South Carolina criminal matter, and the trooper who arrested petitioner. Petitioner denied fleeing from the police on the day of his arrest; however, petitioner admitted to testing positive for methamphetamines and that the child, H.D., and the child's mother were in the vehicle at the time of the arrest. Based on the evidence presented, the court adjudged petitioner an abusing and neglecting parent.

The court proceeded to disposition in September 2022. The DHHR and the guardian supported termination. Based on the evidence, the court found that, due to his incarceration in South Carolina, it was impractical for the DHHR to provide reunification services to petitioner, and it was not in the child's best interest to await the outcome of petitioner's criminal matter in South Carolina. The court further found that the child has no bond nor attachment to petitioner. When petitioner was arrested with the child in the car, the court found it significant that he knew the child's mother was not permitted contact with the child. Petitioner admitted to testing positive for methamphetamines at the time of his arrest, and he further admitted needing treatment for his drug addiction. Petitioner's incarceration was a factor in its decision, but the court noted that there were an abundance of other factors and issues which clearly require termination of parental rights. Therefore, the court found that there was no reasonable likelihood that the conditions of abuse neglect could be substantially corrected in the near future and that there was no alternative to termination of petitioner's parental rights. It is from this dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in terminating his parental rights to the child by failing to employ a less-restrictive dispositional alternative. Specifically, petitioner argues that the court's finding that there was no reasonable likelihood that he could correct the conditions of abuse and neglect was in error. However, he ignores substantial evidence that he continued to expose the child to the mother following the termination of her parental rights and was arrested with methamphetamine and the child in his vehicle approximately ten months into the proceedings below, thereby demonstrating his inability to correct the conditions at issue. To that end, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). We have further held that,

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. Because the court had ample evidence upon which to base its finding, petitioner's argument that the circuit court should have imposed a less restrictive dispositional alternative is without merit. As such, we find no error in the termination of petitioner's parental rights.[4]

Accordingly, the circuit court's dispositional order of September 21, 2022, is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[4]Petitioner raises a second argument, in which he asserts that his incarceration was "the one thing that restrict[ed] his ability to correct the other deficiencies the court enumerated." However, as set forth above, the court cited several factors beyond petitioner's incarceration that rendered him unable to correct the conditions of abuse and neglect. Not only does this render petitioner's argument factually inaccurate, we further note that consideration of these factors renders an analysis of the factors set forth in *Cecil T.* unnecessary. This Court was explicit that such analysis is required *only* "[w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 3, in part.

3